UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VIGGIE HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-816 CAS |
| | ) | |
| FIKES TRUCK LINE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion to exclude the testimony of plaintiff's medical expert, Garth Russell, M.D. Plaintiff opposes the motion, and it is fully briefed and ripe for review. In a separate motion, defendants move that the Court make a determination regarding the value of plaintiff's medical treatment pursuant to Mo. Rev. Stat. § 490.715. In response, plaintiff argues the motion is moot because she is not seeking the cost of her medical expenses as compensatory damages. For the following reasons, the Court will grant defendants' motion to exclude expert testimony, in part, and the Court will grant defendants' motion to determine the value of plaintiff's medical treatment.

*Background*

Plaintiff Viggie Hill was injured in a motor vehicle crash on March 26, 2006. Plaintiff, who was driving a Nissan Pathfinder, was stopped in traffic on Interstate 55 when she was struck from behind by a tractor-trailer truck driven by defendant Darwin Nightingale, who was working for defendant Fikes Truck Line, LLC, at the time. Plaintiff claims that she suffered injuries and damages as a result of the crash, including emotional distress damages, and that she will continue to suffer damages in the future. Plaintiff filed a two-count complaint against defendants asserting

claims under Missouri law. This Court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332.

*Discussion*

**I.     DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY**

Defendants move to preclude Garth Russell, M.D., from offering an opinion about plaintiff's psychological and psychiatric condition and treatment following the motor vehicle accident at issue in this case. Dr. Russell, an orthopedic surgeon, was hired by plaintiff to be an expert. He is not one of plaintiff's treating physicians. In her Rule 26(a) disclosures, plaintiff disclosed that Dr. Russell "will testify on the subjects of the nature and extent of [plaintiff]'s injuries, the reasonableness, relatedness, and necessity of the medical care she has received, the reasonableness, relatedness, and necessity of the medical bills she has incurred, and the future medical needs of [plaintiff]." Doc. 28-1 at 1.

According to the expert report, plaintiff was examined by Dr. Russell on July 12, 2011. Following the examination and after reviewing plaintiff's medical records, Dr. Russell opined that plaintiff suffered from, among other things, "[p]osttraumatic stress syndrome severe with reactive depression and anxiety moderate to severe chronic." Doc. 28-2 at 13. Dr. Russell also opined in his deposition that plaintiff suffered from depression. In their motion, defendants argue Dr. Russell should be precluded from testifying regarding plaintiff's psychological and psychiatric condition and treatment following the accident because he is not qualified to offer an opinion in this area of expertise, and he is merely parroting the opinion of another expert. Defendants assert that Dr. Russell's opinions regarding plaintiff's psychological and psychiatric condition and treatment do not meet the standards for admissibility set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc.,

2

509 U.S. 579 (1993) and its prodigy. Plaintiff opposes the motion. The parties have submitted an extensive evidentiary record, which includes a deposition transcript and expert reports. The Court finds that it can make a proper Daubert determination without the need for an evidentiary hearing or oral argument.

      **A.**      **Legal Standard**

The admission of expert testimony in federal court is governed by Federal Rule of Evidence 702. Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Civ. P. 702. In construing Rule 702, the Eighth Circuit requires that the proposed expert testimony must meet three prerequisites in order to be admissible. First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. In other words, the evidence must be relevant. Lauzon, 270 F.3d at 686 (citing 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 702.02[3] (2001)). Second, "the proposed witness must be qualified to assist the finder of fact." Id. Third, "the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires." Id. See also

Barrett v. Rhodia, Inc., 606 F.3d 975, 980 (8th Cir. 2010); Khoury v. Philips Med. Sys., 614 F.3d

3

888 (8th Cir. 2010). According to the Eighth Circuit, Rule 702 "favors admissibility if the testimony will assist the trier of fact." Clark v. Heidrick, 150 F.3d 912, 915 (8th Cir. 1998). Doubt regarding "whether an expert's testimony will be useful should generally be resolved in favor of admissibility." Id. (citation and internal quotation omitted).

### B. Medical Testimony

There are two opinions from Dr. Russell that defendants seek to have excluded: (1) that plaintiff suffered from posttraumatic stress syndrome; and (2) that plaintiff suffered from depression. The subject matter of these two opinions falls outside the scope of Dr. Russell's specialty, which is orthopedic surgery. In the area of medical testimony, the Eighth Circuit has held that a medical expert can be qualified to testify under Rule 702 regarding medical issues that are outside his or her specialty. Robinson v. GEICO Gen. Ins. Co., 447 F.3d 1096, 1100-01 (8th Cir. 2006). In other words, a medical expert need not be a specialist in the area of the his or her testimony. Id. The Eighth Circuit noted that "[m]ost courts have held that a physician with general knowledge may testify regarding medical issues that a specialist might treat in a clinical setting." Id. 1101 (citing Lauria v. National R.R. Passenger Corp., 145 F.3d 593, 598 (3d Cir. 1998)). That said, Rule 702 does require that "the area of the witness's competence matches the subject matter of the witness's testimony." Id. at 1100. Rule 702 requires that an expert "possess 'knowledge, skill, experience, training, or education' sufficient to 'assist' the trier of fact, which is 'satisfied where expert testimony advances the trier of fact's understanding to any degree.'" Id. (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice & Procedure: Evidence § 6265 (1997)).

4

### 1. Dr. Russell's opinion regarding posttraumatic stress syndrome should be excluded.

Dr. Russell's opinion regarding posttraumatic stress syndrome should be excluded because it does not meet the standard of admissibility under Rule 702 for two reasons. First, Dr. Russell is not qualified to make the opinion. Dr. Russell admitted during his deposition that he is not qualified to make a posttraumatic stress syndrome diagnosis, and he does not even know the criteria for diagnosing the disorder. During his deposition the following colloquy took place:

> Q: [W]ould you consider yourself a psychologist?
> A: No.
> Q: Are you a neuropsychologist?
> A: No.
> Q: Are you competent to diagnose neuropsychological diagnoses?
> A: Yes and no. I have had psychiatric training. I have had psychological training. And I'm aware of what the diagnosis means and what it is. But when it comes down to the legal part, I always make the statement that I defer to the neuropsychologist or neuropsychiatrist.

Russell Dep. at 20-21.

> Q: [Posttraumatic stress syndrome], that's a neuropsychological diagnosis, correct?
> A: Correct.
> Q: Are you competent to make a neuropsychological diagnosis?
> A: No, because it should be made based upon testing. And that diagnosis was made based upon a review of the records, and the records of the neuropsychologist, psychiatrist.
> ...
>
> Q: Do you know what the criteria are to diagnose posttraumatic stress syndrome?
> A: No, I do not.
> Q: Would it be fair to say that you can't give this jury this diagnosis number three?
> A: As I said, my opinion of that diagnosis was based upon the diagnosis being made by the psychiatrist and the neuropsychologist throughout her record over the past five years.

Id. at 46-47.

Second, Dr. Russell's proposed testimony about posttraumatic stress syndrome should be excluded because it is not an independent opinion he formed after examining facts or data. Dr. Russell's opinion regarding posttraumatic stress syndrome was the opinion of another expert who, it would appear, will not testify. Dr. Russell stated under oath that he did not do any testing, but rather he relied solely on the opinion of the neuropsychologist or neuropsychiatrist in the case:

> Q: But I guess what I'm saying is, you cannot as an expert give that opinion can you? It's not your opinion; you're just parroting an opinion that was found in the record?
> A: That's correct. I am putting down the opinion that the experts in that area made, and I had no reason to disagree. ...
> Q: I think you said for a clinician or an expert to make the posttraumatic stress disorder diagnosis, you really do have to do neuropsychological testing.
> A: That's correct.
> Q: And you've seen reports of that, but you've not done any neuropsychological testing, correct?
> A: Correct.

Id. at 48-9.

Under Rule 703,[1] "an expert may rely on otherwise in admissible hearsay evidence in forming his [or her] opinion if the facts and data upon which he [or she] relies are of a type reasonably relied upon by experts in [the expert's] field." Arkwright Mut. Ins., Co. v. Gwinner Oil, Inc., 125 F.3d 1176, 1182 (8th Cir. 1997) (citing Fed. R. Evid. 703; South Cent. Petroleum, Inc. v.

---

[1] Federal Rule of Evidence 703 states: "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence." Fed. R. Evid. 703.

6

Long Bros. Oil Co., 974 F.2d 1015, 1019 (8th Cir.1992)). But this is not the case of an expert relying on data or facts collected by another expert and he using that information to form an opinion. Dr. Russell did not form his own opinion. He admitted he was not qualified to do so. Dr. Russell adopted wholesale the opinion of another expert. Dr. Russell's proffered opinion regarding posttraumatic stress syndrome is not based on his own expert analysis. An expert's opinion must be based upon his or her own application of principles within his her expertise to the facts of the case. Quiles v. Bradford-White Corp., 2012 WL 1355262, at *7 (N.D. N.Y. Apr. 18, 2012). "To allow otherwise would deprive the opposing party of the opportunity to cross examine the expert on the basis for the nontestifying expert's opinion." Id. See also Malletier v. Dooney & Bourke, Inc., 525 F.Supp.2d 558, 666 (S.D. N.Y. 2007) ("It is true that under Rule 703, experts can rely on hearsay in reaching their own opinions. But a party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.").

Here, Dr. Russell cannot even testify that he independently agrees with the opinion of the other doctor. Dr. Russell did not perform his own testing, and is not clear whether Dr. Russell reviewed the testing data. But even if he had, Dr. Russell does not know the criteria for posttraumatic stress syndrome. He admitted he was not qualified to make the diagnosis. Based on the record in this case, the Court finds Dr. Russell's opinion regarding posttraumatic stress syndrome is not admissible because Dr. Russell is not qualified to make this opinion, and the opinion is entirely that of another expert. See Dura Auto. Sys. of Ind., Inc. v. CTS Corp., 285 F.3d 609, 613 (7th Cir. 2002); Tokio Marine & Fire Ins. Co. v. Norfolk & W. Ry. Co., 1999 WL 12931, at *4 (4th Cir. Jan. 14, 1999)("one expert may not give the opinion of another expert who does not testify");

7

Deutz Corp. v. City Light & Power, Inc., 2009 WL 2986415, at *6 (N.D. Ga. Mar. 21, 2009) ("While Rule 703 permits an expert to rely on "facts or data" that are not otherwise admissible into evidence in forming his opinion, it does not permit an expert to simply parrot the opinions of other experts."); Eberli v. Cirrus Design Corp., 615 F.Supp.2d 1357 (S.D. Fla. 2009) ("expert must make some findings and not merely regurgitate another expert's opinion"); United States Gypsum Co. v. Lafarge N. Am., Inc., 670 F.Supp.2d 748, 758 (N.D. Ill. 2009) (where expert testimony "is just parroting the opinion of another expert," such testimony must be excluded.). Cf. Brennan v. Reinhart Institutional Foods, 1998 WL 2017925, at *5 (D. S.D. Sept. 17, 1998), aff'd 211 F.3d 449 (8th Cir. 2000) ("[Expert witness] was not used to convey the opinion of the doctors or the contents of the report. Instead [the expert] testified as to his own opinion in the area in which he is expert, vocational rehabilitation. His testimony regarding the [p]laintiff's disability rating and her functional capacity evaluation was for purposes of allowing the jury to hear the basis upon which he came to his opinion in his area of expertise. He did not offer a medical opinion as to the plaintiff's condition; he offered an opinion as a vocational specialist relying upon medical records.").

### 2. Dr. Russell may testified regarding his opinion that plaintiff suffered from depression.

Whether Dr. Russell should be precluded from testifying that plaintiff suffered from depression is a closer call. Unlike posttraumatic stress syndrome, Dr. Russell testified that as an orthopedic surgeon he often does diagnose depression. See Russell Dep. at 53. He also testified that he has had some psychiatric and psychological training. What is more, in diagnosing plaintiff with depression, he reviewed plaintiff's medical records, he interviewed plaintiff, and he observed her demeanor. He did not merely rely on the diagnosis of another doctor.

8

Defendants argue in their motion that Dr. Russell's opinion that plaintiff suffered from depression should be excluded because he did not conduct testing to make the diagnosis. Unlike diagnosing posttraumatic stress syndrome, there is nothing in the record to suggest that testing is required to make a diagnosis of depression. Although they criticize Dr. Russell for not performing tests in diagnosing plaintiff with depression, defendants do not identify in their motion what tests he should have performed. The Court will not exclude Dr. Russell's opinion on depression on the grounds that he did not perform some unspecified testing, especially when there is nothing to suggest that testing is required to make a diagnosis of depression. Under Eight Circuit law, doubt regarding "whether an expert's testimony will be useful should generally be resolved in favor of admissibility," Clark, 150 F.3d at 915. Based on the record before it, the Court cannot conclude that Dr. Russell is unqualified to make a diagnosis of depression, or that his opinion is unreliable such that it should be excluded under Rule 702. Robinson, 447 F.3d at 1100-01 (in general, "a physician with general knowledge may testify regarding medical issues that a specialist might treat in a clinical setting.") The Court will allow Dr. Russell to testify regarding his opinion that plaintiff suffered from depression, and defendants' motion is denied in this respect. Defendants may cross-examine Dr. Russell as to how he arrived at his diagnosis of depression, and whether he should have conducted some testing. Daubert, 509 U.S. at 595.

## II. DEFENDANTS' MOTION TO LIMIT VALUE OF PLAINTIFF'S MEDICAL TREATMENT

Defendants argue, in a separate motion, that the value of plaintiff's medical treatment should be limited, pursuant to Mo. Rev. Stat. § 490.715, to the dollar amount necessary to satisfy the financial obligations to the health care providers. Plaintiff responds that defendants' motion is moot because she is not seeking the cost of her medical expenses as compensatory damages. Defendants

reply that the motion is not moot because the cost of her medical treatment may be relevant to other damage calculations.

Section 490.715 of Missouri Revised Statutes modifies the collateral source rule. Missouri lawmakers passed the statute as part of tort reform legislation. The law creates a rebuttable presumption that the dollar amount necessary to satisfy a plaintiff's financial obligation to his or her health care provider constitutes the value of the medical treatment rendered. Deck v. Teasley, 322 S.W.3d 536, 541 (Mo. 2010).

Although plaintiff has stipulated that she is not seeking the costs of her medical expenses as compensatory damages, the Court finds that the value of plaintiff's medical expenses may still be at issue in this case. To the extend that the medical expenses are an issue, the Court finds they shall be limited under Mo. Rev. Stat. § 490.715 to the dollar amount necessary to satisfy the financial obligations to the health care providers. Under Mo. Rev. Stat. § 490.715 there is a rebuttable presumption that what was paid represents the value of the medical treatment rendered. A plaintiff can attempt to rebut this presumption by presenting "substantial evidence" that the value of medical treatment rendered is an amount different from the dollar amount necessary to satisfy the financial obligations to health care providers. Deck, 322 S.W.3d at 541. Plaintiff, however, has not attempted to rebut this presumption. If the presumption is not rebutted, "then the only evidence of the value of medical treatment rendered is the dollar amount necessary to satisfy the financial obligation to the health care providers." Id. Therefore, to the extent that the value of plaintiff's medical treatment is relevant and at issue in this case, it shall limited to the dollar amount that the necessary to satisfy the financial obligations to plaintiff's health care providers.

*Conclusion*

In sum, the Court finds defendant's motion to preclude plaintiff's expert, Garth Russell, M.D., from testifying about plaintiff's psychological and psychiatric condition and treatment following the motor vehicle accident is granted in part and denied in part. Dr. Russell may testify that it is his opinion plaintiff suffered from depression. Dr. Russell may not, however, offer the opinion that plaintiff suffered from posttraumatic stress syndrome. Based on the record before it, the Court finds Dr. Russell is not qualified to make this opinion, and he was merely repeating the opinion of another doctor who will not testify. As for defendants' motion to limit the value of plaintiff's medical treatment, the Court finds plaintiff has not attempted to rebut the presumption that the value of her medical treatment is limited to the amount necessary to satisfy her financial obligations to the health care providers. Therefore, to the extent the value of plaintiff's medical treatment is at issue in this case, it shall be limited to what was paid the providers.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to exclude the expert testimony of Dr. Garth Russell is **GRANTED in part** and **DENIED in part.** Consistent with the Court's Memorandum and Order, the motion is **GRANTED** to the extent that Dr. Russell shall be precluded from offering his opinion that plaintiff suffered from posttraumatic stress syndrome. In all other respects, the motion is **DENIED.** [Doc. 27]

**IT IS FURTHER ORDERED** that defendants' motion to limit the value of plaintiff's medical treatment is **GRANTED.** Consistent with the Court's Memorandum and Order, the value of plaintiff's medical treatment is limited to the amount necessary to satisfy the financial obligations to the health care providers. [Doc. 24]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of October, 2012.